## Lit v. Storer Broadcasting Company et al., Appellants.

Argued June 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Francis W. Sullivan,* for appellants.

*Marvin H. Levin,* for appellee.

OPINION BY HOFFMAN, J., September 18, 1970:

Hyman A. Lit [hereinafter "employe"] was employed by Seaboard Radio Broadcasting Corporation [hereinafter "subsidiary"] as a radio disc jockey in its Philadelphia station, WIBG. During the course of his employment at the subsidiary, the employe signed a trust agreement with Storer Broadcasting Company [hereinafter "parent company"],[1] which company owned the subsidiary wholly. The parent company is an Ohio corporation, not registered to do business in Pennsylvania. There does not appear of record what acts, if any, the parent company has done in Pennsylvania, except its entering into the trust agreement with the subsidiary's employe.

Following the employe's termination of employment with the subsidiary, he brought suit against the parent

---

[1] We have no doubt that the trust agreement was for the parent's "pecuniary benefit."

company upon the trust agreement in the Court of Common Pleas of Philadelphia. The parent company filed preliminary objections, averring that it was not "doing business" in Pennsylvania under Article X of the Business Corporation Law. Act of May 5, 1933, P. L. 364, art. X, §1011, as amended, 15 P.S. §2011. Following argument, without the taking of any testimony, preliminary objections were denied. From the order of the court below, this appeal followed.

Section 1011 of Article X, as recently amended, provides as follows: "For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'" Act of July 20, 1968, P. L. , §54, 15 P.S. §2011(C) (Supp. 1970). The statute thus indicates that one of two things is necessary for a finding of "doing business"—either a series of acts for the purpose of realizing pecuniary benefit or a single act for such purpose with the intention of initiating a series of such acts. The record before us indicates only one act, that is, the making of the trust agreement with the employe. Thus, no series of acts is shown. Moreover, there is no showing that the parent company entered or intended to enter into a series of such trust agreements. Hence, the second alternative is not shown.

The employe argues that the mere fact that the parent company wholly owns the subsidiary for whom he worked in Philadelphia is enough to constitute "doing business" for the purposes of the statute. This argument has been resolved against the employe by *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A. 2d

349 (1965). In *Botwinick,* the plaintiff proved, inter alia, that the defendant parent owned all of the stock of its subsidiary Pennsylvania corporation, that the same individual was president of both, and that the subsidiary's records were kept out-of-state by the parent. Despite this proof, the Supreme Court held that "[n]either the similarity of names between the parent and subsidiary corporation . . . nor the total ownership of the stock of the subsidiary by the parent . . . nor the fact that a single individual is the active chief executive of both corporations . . . will per se justify a court in piercing the corporate veil if each corporation maintains a bona fide separate and distinct corporate existence. There is a well recognized exception to these general rules if the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary." Id. at 72, 213 A. 2d at 353-354. The employe has shown much less than did Botwinick. Under such circumstances, we can only find that, on this record, the employe has not shown the subsidiary to be the "alter ego" of the parent.

Accordingly, the order of the court below is reversed and the record remanded for further consistent proceedings.[2]

---

[2] Upon review of the record, we agree with the court below that the trustee is a mere "appendage" of the parent and hence not a necessary and indispensable party to the action.